**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>BELL FLAVORS AND FRAGRANCES, INC. and RICKIE G. SMITH,<br><br>Defendants, | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, Associated Industries Insurance Company, Inc. ("Associated"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, Bell Flavors & Fragrances, Inc. ("Bell Flavors") and Rickie G. Smith, states as follows:

## NATURE OF THE ACTION

1. In this action, Associated seeks a determination of its rights and obligations under insurance policies issued to Defendant Bell Flavors in connection with an Underlying Action (as defined herein) filed by Rickie G. Smith, which asserts certain claims against Bell Flavors.

2. The Underlying Action (defined herein) is pending in the Circuit Court of St. Louis City, Missouri.

3. Associated issued successive Commercial General Liability Policies (the "Primary Policies" as defined herein) to Bell Flavors, as described more fully below.

4. Defendant Bell Flavors tendered the claims asserted against it in the Underlying Action to Associated for a defense and indemnity under the Policies.

1

5. The scope of coverage available to Bell Flavors in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policies.

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff, Associated, is a corporation organized under the laws of Florida with its principal place of business in New York.

8. Defendant, Bell Flavors, is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

9. Upon information and belief, defendant, Rickie G. Smith, is a resident of Marion, Ohio and a citizen of the State of Ohio. Plaintiff Associated does not assert any claim against Defendant Rickie G. Smith in the Complaint and he has been named as a defendant in this action solely as a necessary and indispensable party.

10. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Associated, on the one hand, and Defendants, Bell Flavors and Rickie G. Smith, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Bell Flavors with regard to the Underlying Action exceeds $75,000.

11. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as substantial part of the events or omissions giving rise to the Underlying Action occurred in this District.

12. An actual justiciable controversy exists between Associated, on the one hand, and Bell Flavors and Rickie G. Smith, on the other hand, and by the terms and provisions of Rule 57

of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

13. On or about August 22, 2025, Rickie G. Smith ("Smith") filed a civil action against Bell Flavors in the Circuit Court of St. Louis City, Missouri, captioned *Smith v. Bell Flavors and Fragrances, Inc., et al.* (Case No. 2522-CC09162) ("Underlying Action"). A true and correct copy of the petition in the Underlying Action (the "Petition") is attached hereto as **Exhibit A**.

14. The Underlying Action is a wrongful death action arising from allegations that Smith's spouse, Vicky S. Smith ("Decedent"), sustained lung injuries and related damages as a result of alleged occupational exposure to certain chemical flavorings while working at a snack foods production plant located in Marion, Ohio (the "ConAgra Plant"). Ex. A, ¶ 51.

15. The Petition alleges that the Decedent was employed at the ConAgra plant in Marion, Ohio during the period from approximately 2010 through 2014. Ex. A, ¶ 54.

16. The Petition further alleges that, during the Decedent's employment at the ConAgra Plant, she was exposed to diacetyl, 2,3-pentanedione, 2,3-hexanedione, 3,4-hexanedione, 2,3-heptanedione, acetoin, starter distillate, and other flavoring chemicals (collectively referred to in the Petition as "toxic flavorings"). Ex. A, ¶ 55.

17. The Petition alleges that the Decedent suffered lung disease and impairment as a result of occupational exposure to toxic flavorings at the ConAgra Plant and that such alleged injuries caused the Decedent's death on or about June 14, 2021. Ex. A, ¶ 62.

18. The Petition further alleges that the toxic flavorings were manufactured, designed, formulated, produced, tested, distributed, supplied, marketed, and/or sold by each defendant and were used at the ConAgra Plant during the Decedent's employment. Ex. A, ¶ 58.

19. As alleged in the Petition, the defendants in the Underlying Action are sued based upon claims of negligence and strict product liability, including allegations that such defendants failed to adequately design, manufacture, warn, and instruct with respect to the alleged chemical flavoring products. Ex. A, ¶¶ 64–98.

20. The Petition seeks recovery of compensatory damages, punitive damages, costs, interest, and such other relief as permitted by law.

## THE POLICIES

21. Associated issued successive commercial general liability policies, in effect between December 1, 2018 and December 1, 2021, to Bell Flavors (collectively, the "Policies"). A true and accurate copy of the Policies are attached hereto, collectively as **Exhibit B**.

22. The Policies contain a limit of liability of $1 million per Each Occurrence; $1 million Personal and Advertising Limit with a general aggregate limit of $2 million; $5 million General Aggregate per Endorsement; and $2 million Products/Completed Operations. Ex. B, at B-1, B-2, and B-3.

23. The Policies contain substantially similar terms and provisions, which are set forth below as they appear in Policy No. AES1085302-01, in effect between December 1, 2018 to December 1, 2019 (See Ex. B-1).

24. Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

4

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   * * *

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

   * * *

   d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

      (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

   * * *

   "Bodily injury," "property damage," "occurrence" and "personal and advertising injury" are defined in Section V – Definitions as follows:
   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5

\* \* \*

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

Ex. B, B-1, B-2, and B-3.

25. The Policies contain an Endorsement which is entitled "EXCLUSION – CONTINUOUS, PROGRESSIVE OR REPEATED OFFENSES" (the "Continuous Injury Exclusion") and provides in relevant part:

> The following Exclusion is added to SECTION I – COVERAGES, paragraph 2. Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, and paragraph 2 Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:
>
> **2.    Exclusions**
>
> > This insurance does not apply to: This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" including continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury"
> >
> > Continuous, Progressive or Repeated Offenses
> >
> > (1) that first occurs, in whole or in part, prior to the effective date of this policy;
> >
> > (2) first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period;
> >
> > (3) first occurs, in whole or in part, prior to the effective date of this policy, also occurs during the policy period, and ceases to occur after the expiration or cancellation date of this policy;
> >
> > (4) first occurs, in whole or in part, after the expiration or cancellation date of this policy; or

(5) is alleged in a "suit" against any Insured where the filing date of the original complaint or other pleading initiating that "suit" is a date preceding the effective date of this policy, regardless of whether any Insured was named as a party to, or was served with process regarding, that "suit" prior to the effective date of this policy.

The exclusions stated in Paragraphs (1), (2), (3), (4) and (5) apply regardless of whether the "bodily injury", "property damage", or "personal and advertising injury" was or is known or unknown by any Insured.

For purposes of the exclusions stated in Paragraphs (1), (2), (3), (4) and (5), in the event of continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury" over any length of time, such "bodily injury" or "property damage" shall be deemed to be one "occurrence" and shall be deemed to occur at the time the "bodily injury", "property damage" or "personal and advertising injury" first begins.

Ex. B, B-1, B-2, and B-3.

## **THIS DISPUTE**

26. Bell Flavors has sought a defense and indemnity from Associated under the Policies in connection with the claims asserted against it in the Underlying Action.

27. Associated has determined through its coverage investigation that it owes no obligation to defend or indemnify Bell Flavors in connection with the claims asserted against it in the Underlying Action.

28. Associated has advised Bell Flavors in writing that it disclaims any obligation under the Policies to provide a defense and/or indemnify Bell Flavors in connection with the claims asserted against it in the Underlying Action.

29. Associated now brings this action to obtain a judicial declaration that it owes no duties under the Policies to defend or indemnify Bell Flavors in connection with the claims asserted against it in the Underlying Action.

**COUNT I**
**No Duty to Defend or Indemnify Under Continuous Injury Exclusion**

30. Associated incorporates by reference herein paragraphs 1 through 29, as if the same were fully set forth at length.

31. The Insuring Agreement for Coverage A of the Policies provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages for "bodily injury" caused by an "occurrence" that takes place during the policy period, subject to all terms, conditions, and exclusions. Ex. B, B-1, B-2, and B-3.

32. The Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. B, B-1, B-2, and B-3.

33. The Policies contain an endorsement entitled "Exclusion – Continuous, Progressive or Repeated Offenses" (the "Continuous Injury Exclusion"), which precludes coverage for bodily injury that is continuous, progressive, or repeated and that first occurs, in whole or in part, prior to the effective date of the policy. Ex. B, B-1, B-2, and B-3.

34. The Continuous Injury Exclusion provides, in pertinent part, that the insurance does not apply to bodily injury "that first occurs, in whole or in part, prior to the effective date of this policy" or "first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period." Ex. B, B-1, B-2, and B-3.

35. The Petition alleges that the Decedent sustained bodily injury as a result of occupational exposure to chemical flavoring compounds during her employment at the ConAgra Plant from approximately 2010 through 2014. Ex. A, ¶¶ 54-62.

36. The Policies at issue in this action incepted on December 1, 2018, well after the period during which the Petition alleges the Decedent's bodily injury first occurred. Ex. B, B-1, B-2, and B-3.

37. Because the Underlying Action alleges continuous, progressive, or repeated bodily injury that first occurred, in whole or in part, prior to the effective dates of the Policies, coverage for the claims asserted against Bell Flavors in the Underlying Action is barred by the Continuous Injury Exclusion.

38. Accordingly, even if the allegations of the Petition met the requirements of the insuring agreement of Coverage A, coverage for the claims asserted against Bell Flavors in the Underlying Action would be precluded by operation of the Exclusion – Continuous, Progressive or Repeated endorsement contained in Coverage A of the Policies.

## PRAYER

WHEREFORE, Plaintiff, Associated Industries Insurance Company, respectfully requests the entry of an order and judgment in its favor and against Defendant Bell Flavors and Fragrances, Inc. and Rickie G. Smith, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policies do not provide coverage to Defendant Bell Flavors and Fragrances, Inc. for the claims asserted against in the Underlying Action;

c. Associated Industries Insurance Company does not owe a duty under the Policies to defend or reimburse defense costs incurred by Defendant Bell Flavors and Fragrances, Inc. in connection with the claims asserted in the Underlying Action;

   d. Associated Industries Insurance Company does not owe a duty under the Policies to indemnify Defendant Bell Flavors and Fragrances, Inc. in connection with the claims asserted in the Underlying Action;

   e. Associated Industries Insurance Company is entitled to an award of its costs; and

   f. Such other further relief as this Court deems just and appropriate.

Dated: February 6, 2026

                Respectfully Submitted,

                **KENNEDYS CMK LLP**

                */s/ Bradford Moyer*
                Bradford Moyer
                Brad.Moyer@kennedyslaw.com
                */s/ Daisy Khambatta*
                Daisy Khambatta (*Pro hac vice forthcoming*)
                Daisy.Khambatta@kennedyslaw.com
                30 South Wacker Drive, Suite 3650
                Chicago, Illinois 60606
                T: 269.218.9320

                Attorneys for Plaintiff
                Associated Industries Insurance Company